## Gary Michael WEDDING, Petitioner,

v.

## NATIONAL TRANSPORTATION SAFETY BOARD; et al., Respondents.

No. 02–73839.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 3, 2004.

Decided May 3, 2004.

Warren R. Brown, Esq., Phoenix, AZ, for Petitioner.

Naomi Tsuda, Esq., Los Angeles, CA, General Counsel, Office of General Counsel, Joyce L. Redos, Attorney, Office of the Chief Counsel, Washington, DC, for Respondents.

Before: NOONAN, KLEINFELD, Circuit Judges, and WHITE,* District Judge.

* The Honorable Jeffrey S. White, United States District Judge for the Northern District of California, sitting by designation.

## MEMORANDUM **

Petitioner Gary Wedding ("Wedding") challenges the Emergency Order affirmed by the National Transportation Board ("Board") revoking his Airmans' Certificates No. 2234821 and No. 2386149.

The Board owes a high level of deference to a credibility determination made by the Administrative Law Judge ("ALJ"). *See Administrator v. Taylor*, NTSB Order No. EA–4509 (1996) ("As we have stated repeatedly . . . the law judge sees and hears the witnesses, and he is in the best position to evaluate their credibility. Absent some compelling reason that persuades us that a law judge's credibility determination is inconsistent with the overwhelming weight of the evidence, we will not disturb his findings."); *Administrator v. Rivera and Helivan Helicopters Inc.*, NTSB Order No. EA–4419 (1996) ("Respondents' argument . . . amounts to no more than an indirect challenge to explicit credibility determinations that have not been shown to be deficient in any way, much less arbitrary, inherently incredible, or clearly erroneous, which is the applicable standard."); *Administrator v. Stewart*, NTSB Order No. EA–4387 (1995) (Board refused to second-guess the credibility judgment of the law judge unless shown to be "arbitrary or clearly erroneous"); *Administrator v. Blossom*, 7 NTSB 76 (1990) (The Board gives deference to the law judge's credibility determination unless "found to be inherently incredible or inconsistent with the overwhelming weight of the evidence").

The Board did not apply this deferential standard of review to the ALJ's adverse credibility determination regarding Inspector Lutz. To reverse the ALJ's determination, the Board would have to find that the "great weight of the evidence" established that Wedding, not Lutz, falsified the Form 337. It is not possible from this record to say that the great weight of the evidence points to either man, as it is at best inconclusive. Because the Board abused its discretion in overturning the ALJ's credibility finding, we grant the petition for review, reverse the Board's decision, and remand the case for further proceedings consistent with this opinion.

**PETITION FOR REVIEW GRANTED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.